MARIE A. NELSON, Appellant, v. HARRY D. NELSON, Respondent.— Defendant moved for an order vacating and setting aside three judgments for arrears in alimony and modifying the final decree by canceling, annulling or reducing the alimony therein directed. The Special Term referred the motion to an official referee to hear and determine. The referee did not determine the motion but merely reported and found that the alimony should be reduced. On a motion to confirm the referee's report the court treated the reference as one to hear and determine, and without confirming the report or considering the evidence taken before the referee, made an order reducing the alimony awarded by the final decree from $100 a month to $65 a month. Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term to proceed on the motion to confirm the report of the official referee, considered as a reference to hear and report with his opinion. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

THE NEW YORK TRUST COMPANY, as Successor Trustee to the Trustees Named in the Last Will and Testament of OSCAR J. GUDE, Deceased, Appellant, v. ARTHUR J. GUDE and RITA M. GUDE, Respondents.— Order granting defendants' motion to vacate a deficiency judgment for $3,697.97 and directing plaintiff, if it desires to enter a deficiency judgment, to proceed according to section 1083-a of the Civil Practice Act, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Since the mortgages in question were executed after July 1, 1932, they were not entitled to the benefits of section 1083-a of the Civil Practice Act. Chapter 2 of the Laws of 1935, in effect January 18, 1935, and chapter 268 of the Laws of 1935, in effect April 1, 1935, are not inconsistent with and repugnant to each other. They can be construed so that they will be in harmony and it is our duty so to construe them. (*People* v. *Ahearn,* 196 N. Y. 221; *Price* v. *County of Erie,* 221 id. 260.) Chapter 2 of the Laws of 1935 extended the application of the moratorium statute until July 1, 1936, and also provided it shall not apply to mortgages dated on or after July 1, 1932. Chapter 268 of the Laws of 1935 merely extended the limitation placed on deficiency judgments by section 1083-a of the Civil Practice Act to those instances " where an action to foreclose the mortgage has been or shall be commenced during the emergency " as well as " where the mortgaged property shall be sold during the emergency," as previously provided. Hagarty, Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting.

HERMAN OLINSKY, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Order denying motion by defendant to stay the prosecution of an action in the Supreme Court on the ground that the plaintiff has not paid costs on the dismissal of the same cause of action in the Municipal Court without prejudice, affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.